
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER A. JONES,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>DWIGHT NEVEN, Warden; BACA; COLE MORROW; GREG COX; LORENA FLORES; DUANE GRAHAM; LOEMAN CHURCH; WILLIAM VENNEMAN; FRITZ SCHLOTTMAN; LASHAWN MILLER; STEVEN MACARTHUR; JAMES GREGORY COX,<br><br>Defendants - Appellees. | No. 12-16571<br><br>D.C. No. 2:07-cv-01088-JCM-GWF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Appellant Christopher A. Jones (Jones) challenges the district court's grant

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of summary judgment in favor of Defendants in his action alleging that Defendants violated his Eighth Amendment rights by: (1) failing to inform him that he tested positive for hepatitis C; (2) exposing him to unsafe levels of environmental tobacco smoke; and (3) forcing him to sleep on the floor in a constantly illuminated and noisy solitary cell.

"In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show deliberate indifference to his serious medical needs. . . ." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted). To defeat a claim of qualified immunity, a plaintiff must establish a violation of a clearly established constitutional right. *See Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016).

**1.** Viewing the evidence in the light most favorable to Jones, we conclude that genuine issues of material fact exist regarding whether Defendants were deliberately indifferent to his Hepatitis C diagnosis. *See Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016). Hepatitis C is a chronic disease that "quite obviously cause[s] serious health problems, and can result in death." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007), *as amended*. Jones tested positive for Hepatitis C in February, March, and June, 2004. During that same period, a blood test reflected that Jones' liver enzyme levels were elevated.

Yet, Jones was never informed that he had hepatitis. And, during the same period, Defendant MacArthur prescribed Jones 800mg of ibuprofen three times a day, which posed a significant risk of liver damage to a person with Hepatitis C. According to Jones, the ibuprofen made him "sick as a dog!" A reasonable jury could find that Defendants' disregard for Jones' Hepatitis C, and the contraindicated ibuprofen prescriptions caused Jones "the unnecessary and wanton infliction of pain." *Colwell*, 763 F.3d at 1066 (citation omitted).

Nor were Defendants entitled to qualified immunity on this claim. In Jones' previous appeal, we held that the rights at issue in this case were clearly established, such that a reasonable official would have known that his actions were unconstitutional. *See Jones v. Neven*, 399 F. App'x. 203, 205 (9th Cir. 2010). We reverse the grant of summary judgment in favor of Defendants on this claim.

**2.** The district court properly granted summary judgment in favor of Defendants on Jones' claim regarding his exposure to environmental tobacco smoke. Jones failed to adequately allege that he was "exposed to unreasonably high levels of ETS." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Jones only alleged that his cellmate was a "heavy smoker." The phrase "heavy smoker" used by Jones lacks the specificity reflected in *Helling*, where the plaintiff alleged that

his cellmate was a "five-pack-a day smoker." 509 U.S. at 35. We affirm the grant of summary judgment in favor of Defendants on this claim.

**3.** Defendants were entitled to qualified immunity on Jones' conditions of confinement claim based on his sleeping arrangements. We recently clarified that there is no clear legal guidance "on whether mattress deprivation [requiring sleeping on a concrete floor] was an Eighth Amendment violation." *Chappell v. Mandeville*, 706 F.3d 1052, 1060 (9th Cir. 2013). Therefore, the Defendants were not "on notice" that depriving Jones of a mattress or bed for four days was "clearly unlawful." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

**4.** Defendants were entitled to qualified immunity on Jones' conditions of confinement claims based on the constant lighting in his cell for a period of ninety-six hours. To be sure, exposing prisoners to "constant illumination" is unconstitutional. *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *as amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). However, it was not clearly established in 2006 that subjecting a prisoner to illumination for four days violated the Eighth Amendment. *See Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000) (holding that "modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing") (citing *Keenan*, 83 F.3d at 1090-91).

**AFFIRMED IN PART, REVERSED IN PART. Each Party to bear its costs of appeal.**

FILED

FEB 01 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


KLEINFELD, Senior Circuit Judge, concurring in part and dissenting in part:

I join the majority memorandum disposition with the exception of Part 1, which discusses the hepatitis C claim. I would affirm on all claims.

For a plaintiff to succeed on an Eighth Amendment claim for inadequate medical treatment, he must satisfy both an objective and a subjective standard.[1] The objective standard requires the prisoner to demonstrate the treatment or lack thereof caused a risk of "further significant injury" or the "unnecessary and wanton infliction of pain."[2] The subjective standard requires proof that a prison official "knows of and disregarded an excessive risk to inmate health and safety."[3] Medical negligence, much less arguably substandard care, does not establish unconstitutional cruel and unusual punishment, and that is at most what Jones's evidence might establish.[4]

---

[1] Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014).

[2] Id. (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

[3] Id. (quoting Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)).

[4] Toguchi, 391 F.3d at 1057.

The medical evidence submitted to the Superior Court shows merely that Jones may not have been informed of a positive result on a test that the prison routinely administers after physical altercations between inmates. The prison may have failed to inform him of the positive result, because its focus was on preparing him for imminent back surgery. Whether it did or not, he did not require treatment, and his subsequent liver function testing was completely normal.

Jones has pointed to an internet download on hepatitis C that establishes that "at certain dosages, ibuprofen can stress the liver and elevate liver enzymes in people with hepatitis C" and that "[i]buprofen must be used with extreme caution in the later stages of liver disease and for those on interferon therapy." Jones has submitted no evidence that his liver was in fact stressed, the evidence shows that his liver enzymes were not elevated, and he has submitted no evidence that he was in the later stages of liver disease, nor that he was on interferon therapy.

Basically, Jones had a great deal of back pain and was prescribed a double dose of an over the counter anti-inflammatory for a short time without harm to his liver. To characterize this medical treatment as knowing disregard of an "excessive risk" to Jones's health which risked "further significant injury" to his liver or amounted to "unnecessary and wanton infliction of pain," would trivialize

the constitutional protection against cruel and unusual punishment, as well as

running contrary to the controlling authorities.[5]

---

[5] <u>Colwell</u>, 763 F.3d at 1066.

*Jones v. Neven*, No. 12-16571

HURWITZ, Circuit Judge, concurring in part and dissenting in part:

I concur in the memorandum disposition except insofar as it affirms the district court's summary judgment rejecting Jones' Eighth Amendment claim arising out of exposure to environmental tobacco smoke (ETS).

A prisoner "states a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). Jones' uncontested submission that he was incarcerated with "heavy smokers," and the defendants' admission that smoking was only allowed in the cell, with closed windows, raises a question of material fact as to whether Jones was "exposed to unreasonably high levels of ETS." *Id.* at 35-36.

A jury could also reasonably conclude that prison officials "deliberately ignored" an "excessive risk to inmate health." *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Jones' medical records indicated a need for a smoke-free environment, and the defendants presented no evidence of any change in his medical condition since that classification.